J. N. RILEY *v.* MASONIC JOINT STOCK COMPANY OF OWENTON.

**Corporation—Donation of Stock.**

A majority even of the members of a corporation have no power to
make donations of its capital stock unless sanctioned by its charter.

**Sufficiency of Petition.**

The absence of a promise to pay renders a petition, in a quantum
meruit count in assumpsit, bad.

APPEAL FROM OWEN CIRCUIT COURT.

September 28, 1877.

OPINION BY JUDGE PRYOR:

The proof conduces to establish the fact that the appellant under-
took to perform the services by way of contributing to the success
of the corporation, and with the express understanding that he was
to have no compensation. All the testimony with reference to this
part of the controversy is in direct conflict with that of the appel-
lant; and there is no mode of reconciling the various statements.

That the appellant expected to receive compensation, but left the
manner of paying and the amount to be paid to the members of the
organization, cannot be maintained, as the entire current of the tes-
timony is to the effect that no charge was to be made, and that the
services were to be rendered for the reason that the pecuniary con-
dition of the appellant prevented him from making a monied contri-
bution. It is manifest from the proof that no recovery can be had
by reason of the services rendered, and therefore the donation of the
stock of the company, if it is to be designated such, whether by the
president or the members, was without authority and void. A ma-
jority even of the members of the corporation had no power to make
donations of stock unless sanctioned by the charter, and we find
nothing in the act of incorporation conferring the right.

As to the claim for services as secretary of the company, although undenied by the answer, we must adjudge that the petition is not good either as a quantum valebant or quantum meruit count in assumpsit. The absence of a promise or undertaking to pay renders the count defective, and if not we find no breach of the promise to pay. The petition lacks two of the essential elements of an action of assumpsit, viz.: the promise to pay and the failure to pay or breach of promise, and upon general demurrer, if regarded as an action for work and labor or services performed, would be held bad. The action was evidently framed with a view of enforcing appellant's claim to the stock, and, as we have already seen, the right of recovery on this branch of the case was properly refused. The judgment below is *affirmed.*

*Strother & Orr, for appellant.    J. D. Lillard, for appellee.*